IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-335-D

| | |
|---|---|
| WELLS FARGO BANK, N.A., </br>Substitute Trustee: Shapiro & Ingle, </br>Grady I. Ingle, and Elizabeth B. Ells, </br></br>Plaintiffs, </br></br>v. </br></br>JERRY RAY BRYANT, and </br>CATHLEEN C. BRYANT, </br></br>Defendants. | ORDER |

On February 24, 2011, Wells Fargo Bank, National Association ("Wells Fargo") filed a motion to remand this action to Wake County Superior Court [D.E. 9]. Wells Fargo argues that this court lacks subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. In support, Wells Fargo notes that the removed action is a foreclosure proceeding that substitute trustees Grady I. Ingle and Elizabeth B. Ells filed in Wake County Superior Court against defendants Jerry and Cathleen Bryant. Ingle, Ells, and the Bryants are all North Carolina citizens. Moreover, the complaint seeking foreclosure contains no federal claims. Accordingly, Wells Fargo (which currently holds the underlying note and deed of trust) contends that this court lacks subject-matter jurisdiction.

In opposition, the Bryants note that Wells Fargo is not a North Carolina citizen and urges the court to rely on Wells Fargo's citizenship to conclude that diversity jurisdiction exists. The Bryants also note that they have federal defenses and have filed a separate federal lawsuit concerning the same note and deed of trust. See Defs.' Notice of Removal ¶¶ 1, 10–11.

In analyzing diversity jurisdiction, the court examines the citizenship of the parties at the time

of removal. See, e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68–70 (1996); Stevens v. Nichols, 130 U.S. 230, 231–32 (1889); Moffitt v. Residential Funding Co., 604 F.3d 156, 159 (4th Cir. 2010). Here, the parties to the foreclosure proceeding, Ingle, Ells, and the Bryants, were all North Carolina citizens when the defendants sought removal. As such, diversity jurisdiction does not exist. See, e.g., In re Foreclosure of Naef Deed of Trust, No. 7:10-CV-197-FL, 2010 WL 5058383, at *3–4 (E.D.N.C. Dec. 3, 2010) (unpublished). Similarly, federal defenses or a separate federal action do not create federal question jurisdiction in this action. See id. (collecting cases).

Accordingly, Wells Fargo's motion to remand [D.E. 9] is GRANTED. The action is REMANDED to Wake County Superior Court.

SO ORDERED. This 12 day of May 2011.

JAMES C. DEVER III
United States District Judge